UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ESPERANZA PEREZ AND | § | |
| GUILLERMO MARTINEZ, INDIVIDUALLY, | § | |
| AND ON BEHALF OF THE ESTATE OF | § | |
| ISIDRO MARTINEZ PEREZ, DECEASED | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 5:20-cv-00005 |
| | § | |
| DOCTORS HOSPITAL OF LAREDO, | § | |
| UNIVERSAL HEALTH SERVICES, INC., | § | |
| NURSE JANE DOE 1, AND NURSE JANE DOE 2 | § | |

DEFENDANTS' FEDERAL NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, 1446, 29 U.S.C. § 1001 et seq., LAREDO REGIONAL MEDICAL CENTER, L.P., d/b/a DOCTORS HOSPITAL OF LAREDO, UNIVERSAL HEALTH SERVICES, INC., NURSE JANE DOE 1, AND NURSE JANE DOE 2, files this Notice of Removal, and shows the Court as follows:

1.   LAREDO REGIONAL MEDICAL CENTER, L.P., d/b/a DOCTORS HOSPITAL OF LAREDO, UNIVERSAL HEALTH SERVICES, INC., NURSE JANE DOE 1, AND NURSE JANE DOE 2 (collectively "Defendants") Defendants in a civil action pending in the 406th Judicial District Court in Webb County, Texas.  Attached hereto as Exhibit 1 is an index of all documents that clearly identifies each document and indicates the documents filed in state court, as required by 28 U.S.C. § 1446(a). Included with the index is a copy of the civil docket sheet in the State Court Action and each document filed in the State Court Action. Pursuant to Local Rule 81, Defendants file the following documents concurrently with its Notice of Removal: the Index of Matters Being Filed (Exhibit 1); a copy of the Webb County District Clerk's file for this case

(Exhibit 2), which includes true and correct copies of all executed process, pleadings and orders, and a copy of the docket sheet; Designation of Counsel (Exhibit 3); Notice of Removal to the State District Court (Exhibit 4); and Civil Cover Sheet (Exhibit 5).

2. Defendants were served with Plaintiffs' Original Petition on December 20, 2019, wherein Plaintiffs allege that Defendants violated the Emergency Medical Treatment and Active Labor Act (EMTALA). (Exhibit 2). The removal of this action to this Court is timely filed under 28 U.S.C. §1446(b)(3) because this Notice of Removal is filed within thirty (30) days after December 20, 2019.

3. Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending. *See* 28 U.S.C. § 1441. The Laredo Division of the Southern District of Texas is the United States District and Division embracing Webb County, Texas, the county in which the state court action is pending. See 28 U.S.C. § 124(a)(1). Therefore, venue of this removed action is proper in this Court.

4. Removal of this action is proper because of the existence of federal question jurisdiction under 28 U.S.C. § 1331 pursuant to the Emergency Medical Treatment & Labor Act, 42 USCS § 1395dd ("EMTALA") which is also commonly known as the "Anti-Dumping Law." To the extent the Petition alleges statutory, state common law or other non-federal claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. §1367 because those claims arise out of the same operative facts as Plaintiffs' claims under EMTALA codified in 42 U.S.C.

§ 1395dd, and "form part of the same case or controversy under Article 3 of the United States Constitution." 28 U.S.C. §1367(a).

## III.
## THIS COURT HAS FEDERAL QUESTION JURISDICTION

5.  Removal jurisdiction exists under 28 U.S.C. §§ 1441 and 1331 for federal questions arising under EMTALA. Federal district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Gully v. First National Bank*, 299 U.S. 109, 57 S. Ct. 96, 97-98, 81 L. Ed. 70 (1936); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28, 77 L. Ed. 2d 420, 103 S. Ct. 2841 (1983). The language of the Anti-Dumping Act itself explicitly creates a private cause of action against hospitals that violate its provisions. 42 U.S.C. § 1395dd(d)(2)(A).

In this case, Plaintiffs' Original Petition specifically alleges that Plaintiff seek recovery of damages based on alleged violations of EMTALA:

> 17. Defendants Doctors Hospital, Universal Health Service, and Nurses Jane Doe 1 and 2 committed negligence per se by **violating the laws** that require the documentation of the provision of medical services, including but not limited to, the **Emergency Medical Treatment and Active Labor Act (EMTALA)**. These regulations are designed to prevent a hospital's **"dumping"** or transferring of indigent patients that may not be able to pay for medical services. Defendants Doctors Hospital, Universal Health Service, and Nurses Jane Doe 1 and 2 either negligently **violated EMTALA** and other similar laws by failing to document baby Isidro's emergency room visit, or they intentionally refused to provide necessary medical care for financial reasons, resulting in baby Isidro's wrongful death. Regardless of the reason, defendants Doctors Hospital, Universal Health Service, and Nurses Jane Doe 1 and 2 have aggravated their wrongful conduct by falsely claiming that Esperanza and Guillermo refused emergency medical

treatment for their infant son Isidro. *See* Exhibit 2 @ pp. 5 of Plaintiffs' Original Petition.

6.    Removal is appropriate in this instance because the Plaintiffs: (1)  must show that the patient requested treatment from the hospital, requiring the hospital to provide an appropriate "medical screening examination" to determine whether or not an "emergency medical condition" existed that was required to be "stabilized" within the meaning of the statute 42 U.S.C. § 1395dd(a).; and (2) the cause of action under EMTALA is not analogous to a state medical malpractice claim because EMTALA creates liability for refusal to treat patients regardless of the reasonableness or unreasonableness of the hospital's actions which state malpractice law does not.

8.    Accordingly, the facts as pleaded in Plaintiffs' Original Petition seek relief for alleged violations of EMTALA . Thus, Plaintiffs' claims are deemed to be federal questions arising under the laws of the United States to which original and removal jurisdiction in this Court is proper.

IV.
**NOTICE OF REMOVAL TO THE 406th JUDICIAL DISTRICT COURT OF HIDALGO COUNTY, TEXAS**

9.    Concurrently with this Notice of Removal, pursuant to 20 U.S.C. §1446(a) Defendants will file a copy of this Notice with the 406th Judicial District Court of Webb County, Texas.  A copy of the written notice of their Notice of Removal to Federal Court is attached hereto as Exhibit

5.    In accordance with 28 U.S.C. §1446(d) Defendants will give written notice to Plaintiffs by contemporaneously serving this Notice of Removal on Plaintiffs.

10.    If any question arises as to the propriety of removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of its

position that this case is removable.[1]

          Respectfully submitted,

          GONZALEZ CASTILLO MOYA, LLP

          By:    /s/Ezequiel "Zeke" Moya Jr.
                Steven M. Gonzalez
                SBN: 08131900
                Federal ID: 3321
                Edward J. Castillo
                SBN: 24040658
                Federal ID: 38007
                Ezequiel "Zeke" Moya, Jr.
                SBN: 24092865
                Federal ID: 2649227
                Eduardo Moya
                SBN: 24105674
                Federal ID: 38007

1317 E. Quebec Avenue
McAllen, Texas 78503
(956) 618-0115
FAX: (956) 618-0445
Email: law@valleyfirm.com

ATTORNEYS FOR DEFENDANT,
LAREDO REGIONAL MEDICAL CENTER, L.P., D/B/A DOCTORS HOSPITAL OF LAREDO AND UNIVERSAL HEALTH SERVICES, INC.

---

[1] *Sierminski v. Trans South Fin. Court.*, 216F, 3.d. 945, 949 (11th Cir. 2000) (announcing general rule that post-removal evidence in asserting removal jurisdiction may be considered by the Court).

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record via CM/ECF electronic filing service (ONLY) on the 13th day of January, 2020.

**VIA CM/ECF FILING SERVICE**
Baldemar Garcia, Jr.
BORCHERS & MORALES, LLP
602 East Calton Road, 2nd Floor
Laredo, Texas  78041
(956) 727-4441
FAX: (956) 727-2696
Email: bgarcia@personwhitworth.com

                                            /s/Ezequiel "Zeke" Moya Jr.
                                            Ezequiel "Zeke" Moya, Jr.

F:\data\WPDOCS\P\Perez, I. v. DHL 66.046\Removal\notice of removal-federal.wpd