UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ESPERANZA PEREZ AND GUILLERMO MARTINEZ, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF ISIDRO MARTINEZ PEREZ, DECEASED | § § § § § | |
| v. | § § | CIVIL ACTION NO.: 5:20-cv-00005 |
| DOCTORS HOSPITAL OF LAREDO, UNIVERSAL HEALTH SERVICES, INC., NURSE JANE DOE 1, AND NURSE JANE DOE 2 | § § § § | |

**DEFENDANTS LAREDO REGIONAL MEDICAL CENTER, L.P., D/B/A
DOCTORS HOSPITAL OF LAREDO, UNIVERSAL HEALTH SERVICES, INC.,
NURSE JANE DOE 1, AND NURSE JANE DOE 2'S
ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants, LAREDO REGIONAL MEDICAL CENTER, L.P., d/b/a DOCTORS HOSPITAL OF LAREDO, UNIVERSAL HEALTH SERVICES, INC., NURSE JANE DOE 1, and NURSE JANE DOE 2, and submit this their Original Answer to Plaintiffs' Original Complaint ("Complaint"), and in support thereof, would respectfully show this Court the following:

**I.
GENERAL DENIAL**

Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, assert a general denial as authorized by Rule 8 of the Federal Rules of Civil Procedure, and respectfully request that Plaintiffs be required to prove their charges and allegations against these Defendants, as required by law.

## II.
## SPECIFIC DENIALS

Except as specifically indicated otherwise herein and subject to Defendant Universal Health Services, Inc.'s Motion to Dismiss, Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, deny knowledge or information sufficient to form a belief as to the truth of each and every allegation made about any individual, corporation, or entity other than Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2.  Subject to the following, Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, submit the following denials as set forth in Plaintiffs' Original Complaint and states the following:

1. Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, are without knowledge or information sufficient to form belief as to the truth of Plaintiffs' averment contained in Paragraph 1 of the Complaint.

2. Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, are without knowledge or information sufficient to form belief as to the truth of Plaintiffs' averment contained in Paragraph 2 of the Complaint.

3. Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, are without knowledge or information sufficient to form belief as to the truth of Plaintiffs' averment contained in Paragraph 3 of the Complaint.

4. Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, are without knowledge or information sufficient to form belief as to the truth of Plaintiffs' averment contained in Paragraph 4 of the Complaint.

5. In response to Paragraph 5, Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, are without knowledge or information sufficient to form belief as to the truth of Plaintiffs' averment contained in Paragraph 5 of the Complaint. Defendants admit that Doctors Hospital of Laredo is doing business in Texas, and that Doctors Hospital of Laredo's principal place of business in Laredo, Webb County, Texas.

6. In response to Paragraph 6, Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, admit that , UHS of Health Services, Inc., can be served with process in this action through its Registered Agent CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INC.. Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2 deny the remaining allegations, are without knowledge or information sufficient to form belief as to the truth of Plaintiffs'

remaining allegations.

7. In response to Paragraph 7 Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, admit that Jane Doe 1 and Jane Doe 2 admit that a nurse interacted with Plaintiffs. Nurse Jane Doe 1 is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' remaining allegations.

8. In response to Paragraph 8 Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 2 admits that a nurse interacted with Plaintiffs. Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., and Nurse Jane Doe 2, are without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' remaining allegations.

9. In response to Paragraph 9, Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, deny that venue is proper in state court as outlined in their Removal, which is incorporated by reference as if fully outlined herein. Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, are without knowledge or information sufficient to form belief as to the truth of Plaintiffs' remaining allegations.

10. In response to Paragraph 10, Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse

Jane Doe 2, deny that jurisdiction is proper in state court as outlined in their Removal, which is incorporated by reference as if fully outlined herein. Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, are without knowledge or information sufficient to form belief as to the truth of Plaintiffs' remaining allegations.

11. Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, are without knowledge or information sufficient to form belief as to the truth of Plaintiffs' averment contained in Paragraph 11 of the Complaint.

12. Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, are without knowledge or information sufficient to form belief as to the truth of Plaintiffs' averment contained in Paragraph 12 of the Complaint.

13. In response to Paragraph 13 Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, admit that Nurse Jane Doe 1 and Nurse Jane Doe 2 interacted with Plaintiffs. Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, are without knowledge or information sufficient to form belief as to the truth of Plaintiffs' remaining allegations.

14. In response to Paragraph 14 Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, admit that the autopsy report pertaining to Isidro Martinez from Corinne E. Stern, M.D., states under the heading opinion that Isidro Martinez Perez, died from acute bronchopneumonia. Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, are without knowledge or information sufficient to form belief as to the truth of Plaintiffs' remaining allegations.

15. In response to Paragraph 15, Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, admit that Nurse Jane Doe 1 and Nurse Jane Doe 2 interacted with Plaintiffs. Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, are without knowledge or information sufficient to form belief as to the truth of Plaintiffs' remaining allegations.

16. In response to Paragraph 16, Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, admit that Nurse Jane Doe 1 and Nurse Jane Doe 2 interacted with Plaintiffs. Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, are without knowledge or information sufficient to form belief as to the truth of Plaintiffs' remaining allegations.

17. In response to Paragraph 17, Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, admit that Nurse Jane Doe 1 and Nurse Jane Doe 2 interacted with Plaintiffs. Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, are without knowledge or information sufficient to form belief as to the truth of Plaintiffs' remaining allegations.

18. In response to Paragraph 18, Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, admit that Nurse Jane Doe 1 and Nurse Jane Doe 2 interacted with Plaintiffs. Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, are without knowledge or information sufficient to form belief as to the truth of Plaintiffs' remaining allegations.

19. In response to Paragraph 19, Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, deny that a §74.052 compliant authorization was served on Defendants. Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, deny proper Notice of a healthcare claims was provided. Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, are without knowledge or information sufficient to form belief as to the truth of Plaintiffs'

remaining allegations.

20. Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, hereby likewise demand a jury.

21. In response to Paragraph 21, Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, deny Plaintiffs are entitled to pre-judgement and post - judgment interest. Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, specifically controvert the prayer for relief set forth in Paragraph 21 of the Complaint.

22. Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, further affirmatively plead the provisions of Texas Civil Practice & Remedies Code, including §§41.007 and 41.008, which limit the amount of exemplary damages, which may be awarded against Defendants.

23. Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, further plead that Plaintiffs may not recover any amounts for past medical treatment greater than the actual amount paid or incurred by Plaintiffs or by a third party on behalf of Plaintiffs for such treatment. Such amounts are not recoverable under common law, because they do not represent an obligation or expense incurred by Plaintiffs because of the incident in question.

Recovery of such amounts is also precluded by §41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

24. Pleading further, Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, invoke their legal rights to a reduction of any dollar verdict, which may be rendered in this cause by credit for payments made by other persons or entities, or by percentage reductions, to which these Defendants would be entitled as a result of jury findings against other persons or entities. In this connection, these Defendants reserve the right to submit issues against parties who may be present in the case or absent from the case at the time the matter is submitted to the jury for fact determinations.

25. Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, further plead that the conduct of the parties to this case should be compared by the Court and jury under the Doctrine of Comparative Responsibility. In the event the Plaintiffs settle with any party named in this case, Defendants request a reduction in the judgment, pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE §33.012.

26. Should Plaintiffs make a claim for punitive damages at any time, Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, further invoke their rights under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and affirmatively pleads that the Plaintiffs' pleading for punitive and/or

exemplary damages is violative of the Fourteenth Amendment inasmuch as punitive and/or exemplary damages can be assessed:

    a.    in an amount left to the discretion of the jury and judge;

    b.    in assessing such sums, the decision of the jury need only be based on a vote of ten jurors and does not require a unanimous verdict;

    c.    in assessing such penalty or exemplary awards, plaintiff need only prove the theory of gross negligence on a "preponderance of the evidence" standard and not on a "beyond a reasonable doubt" standard, as should be required in assessing a punishment award;

    d.    further, the defendants who are subject to the award do not have the right to refuse to testify against themselves, but must, in fact, take the stand and/or give deposition testimony or subject themselves to the consequences of a default judgment;

    e.    the assessment of such a punishment and/or exemplary award is not based upon a clearly defined statutory enactment setting forth a specific *mens rea* requirement and/or other prerequisites of a criminal fine and, in effect allows the assessment of such awards even though there are not specific standards, limits or other statutory requirements set forth which define the *mens rea* and scope and limit of such awards. Therefore, the awards are unduly vague and do not meet the requirements of due process;

    f.    in essence, this defendant is subjected to all the hazards and risks of what amounts to a fine and, in fact, such awards often exceed normal criminal fines; but this defendant receives none of the basic rights afforded a criminal defendant when being subjected to possible criminal penalties; and

    g.    the assessment of punitive and/or exemplary damages differs from defendant to defendant and treats similar defendants in dissimilar ways.

27.    Further, if such be necessary, Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse

Jane Doe 2, further affirmatively plead that the assessment and award of punitive and/or exemplary damages is violative of the Eighth Amendment of the United States Constitution as it is applied to the States through the Fourteenth Amendment of the United States Constitution in that such awards potentially constitute an excessive fine imposed without the protections of fundamental due process.

28. Accordingly, Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, invoke their rights under the Eighth and Fourteenth Amendments of the United States Constitution and respectfully requests that this Court disallow the award of punitive and/or exemplary damages inasmuch as an award in this case would be violative of the Defendants' United States constitutional rights.

29. Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, would further invoke their rights under the Fifth Amendment to the United States Constitution wherein it reads in part, "[n]o person shall be . . . deprived of . . . property, without due process of law; . . ." for the same reasons enumerated above.

30. Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, further plead and would show, in the alternative, that the negligence of a third party was the sole cause, sole proximate cause, independent intervening cause, or superceding cause of the occurrence made the subject of this lawsuit.  Further, Plaintiffs' damages, if any, were the proximate cause, in

whole or in part, of the acts or omissions of negligence of a third party, over whom the hospital had no control or right of control. Plaintiffs' damages, if any, were proximately caused, in whole or in part, by the acts or omissions of negligence of the third party, over whom the hospital had no control or right of control.

31. Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, affirmatively plead that the complaints and/or injuries asserted by Plaintiffs against these Defendants were not caused by any acts or omissions on the part of Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2.

32. Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, reserve the right to supplement their Answer and affirmative defenses with additional defenses that become available or apparent during the course of investigation, preparation, or discovery and to amend its Answer, accordingly.

### III.
### DEMAND FOR JURY TRIAL

33. Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2 hereby demand a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, pray that Plaintiffs take nothing by reason of this suit, that each prayer for relief are specifically denied, that Defendants, Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Nurse Jane Doe 1, and Nurse Jane Doe 2, recover their costs, including attorneys' fees, and for such other and further relief, both at law and in equity, to which they may be justly entitled.

Respectfully submitted,

GONZALEZ CASTILLO MOYA, LLP

By:   /s/Ezequiel "Zeke" Moya Jr.
     Steven M. Gonzalez
     SBN:  08131900
     Federal ID: 3321
     Edward J. Castillo
     SBN: 24040658
     Federal ID: 38007
     Ezequiel "Zeke" Moya, Jr.
     SBN: 24092865
     Federal ID: 2649227
     Eduardo Moya
     SBN: 24105674
     Federal ID: 38007

1317 E. Quebec Avenue
McAllen, Texas  78503
(956) 618-0115
FAX:  (956) 618-0445
Email: law@valleyfirm.com

ATTORNEYS FOR DEFENDANTS,
LAREDO REGIONAL MEDICAL CENTER, L.P., D/B/A DOCTORS HOSPITAL OF LAREDO, UNIVERSAL HEALTH

SERVICES, INC., NURSE JANE DOE 1, AND NURSE JANE DOE 2

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record via CM/ECF electronic filing service (ONLY) on the 20th day of January, 2020.

**VIA CM/ECF ELECTRONIC FILING SERVICE**
Baldemar Garcia, Jr.
BORCHERS & MORALES, LLP
602 East Calton Road, 2nd Floor
Laredo, Texas  78041
(956) 727-4441
FAX: (956) 727-2696
Email: bgarcia@personwhitworth.com

                                                /s/Ezequiel "Zeke" Moya Jr.
                                                Ezequiel "Zeke" Moya, Jr.

F:\data\WPDOCS\P\Perez, I. v. DHL 66.046\FEDERAL\original answer.km.wpd